UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KENRICK LANGLEY, : : Plaintiff, : : v. : : UNITED PARCEL SERVICE, INC., : : Defendant. : | Civil Action No. 18-8807 (MCA) (MAH) OPINION |

## I. INTRODUCTION

This matter comes before the Court by way of Defendant United Parcel Service, Inc.'s ("Defendant" or "UPS") motion for taxation of costs pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54.1 and Local Civil Rule 54.1. Def.'s Mot. for Taxation of Costs, Oct. 22, 2021, D.E. 63. The Court has reviewed the parties' submissions in support of and in opposition to the motion and, pursuant to Federal Rule of Civil Procedure 78, has considered the motion without oral argument. For the reasons set forth below, the Court will grant the motion.

## II. BACKGROUND

Plaintiff initiated this matter on September 7, 2016 by filing a Complaint against Defendant, his former employer, in the Superior Court of New Jersey, Law Division, Middlesex County ("Superior Court"). Compl., Sept. 7, 2016, D.E. 1 at p. 19. Plaintiff accused UPS and multiple since-terminated individual defendants of violations of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.* ("NJLAD"), and New Jersey public policy. First Am. Compl., May 4, 2017, D.E. 1, at pp. 50-66.

1

UPS removed this action for the first time on December 6, 2016. First Notice of Removal, D.E. 1, at pp. 11-12. On December 21, 2017, the Court remanded the matter to the Superior Court for lack of subject matter jurisdiction. Remand Order, Dec. 21, 2017, D.E. 1, at pp. 68-71. On remand, the Superior Court dismissed three counts of Plaintiff's First Amended Complaint and all the claims asserted against the individual defendants, leaving intact only Plaintiff's racial discrimination in violation of the NJLAD (Count 1) and "pattern and practice" of discrimination in violation of the NJLAD (Count 3) claims. Superior Court Order, May 3, 2018, D.E. 1, at pp. 76-77.

This action was removed for the second time on May 4, 2018 and, following discovery, UPS moved for summary judgment. Second Notice of Removal, May 4, 2018, D.E. 1, at pp. 1-5; Def.'s Mot. for Summary Judgment, Feb. 9, 2021, D.E. 52. The Court granted summary judgment in UPS's favor and dismissed Plaintiff's remaining claims on September 23, 2021. Order Granting Summary J., Sept. 23, 2021, D.E. 60. Thirty days later, on October 21, 2021, Plaintiff filed a notice of appeal from the Order granting summary judgment to Defendant.[1] Notice of Appeal, Oct. 21, 2021, D.E. 61. Defendant filed the instant motion for taxation of costs the next day. Def.'s Mot. for Taxation of Costs, D.E. 63.

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) ("Rule 54") states that "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Rule 54(d)(1) "creates [a] 'strong presumption' that costs are to be awarded to the prevailing party." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000) (citation omitted). "If an order or judgment is silent as to costs[,] the natural reading

---

[1] As of the date of this Opinion, Plaintiff's appeal is pending.

of the Rule 54(d) would lead one to conclude that a judgment or order allows costs because the court had not 'otherwise directed.'" *O'Boyle v. Braverman*, Civ. No. 08-553, 2008 WL 11381922, at *1 (D.N.J. Oct. 9, 2008) (citing *Congregation of the Passion v. Touche, Ross & Co.*, 854 F.2d 219, 221 (7th Cir. 1988)). "Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987). However, "[o]nly if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party." *Reger v. The Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010) (quoting *In re Paoli*, 221 F.3d at 462-63, 468). The reasons underlying the denial or reduction of a prevailing party's award of costs must be articulated "because the denial of such costs is akin to a penalty." *Id.* (first citing *In re Paoli,* 221 F.3d at 468; and then citing *ADM Corp. v. Speedmaster Packaging Corp.*, 525 F.2d 662, 665 (3d Cir. 1975)).

"Where a defendant successfully defends against a plaintiff's substantial claims and judgment is entered accordingly, the defendant is generally considered the prevailing party for purposes of Rule 54(d)(1)." *AMA Realty LLC v. 9440 Fairview Ave. LLC*, Civ. No. 13-457, 2019 WL 7288939, at *3 (D.N.J. Dec. 30, 2019) (citation omitted); *see also Garonzik v. Whitman Diner*, 910 F. Supp. 167, 168 (D.N.J. 1995) (explaining "[a] prevailing party is the one in whose favor a judgment is rendered"). Here, it is beyond dispute that Defendant is the prevailing party in this action, since summary judgment was granted in Defendant's favor on Plaintiff's remaining claims. Order Granting Summary J., D.E. 60. *AMA Realty*, 2019 WL 7288939, at *3. Additionally, the Order granting summary judgment to Defendant is silent as to costs, leaving the decision to allow or deny taxation wholly within the Court's discretion. *O'Boyle*, 2008 WL 11381922, at *1.

3

## IV. DISCUSSION

### A. Plaintiff's Arguments in Opposition

Plaintiff raises two arguments in support of his request that the Court exercise its discretion and deny taxation. Pl.'s Br. in Opp'n, Oct. 26, 2021, D.E. 64, at pp. 2-5. Plaintiff first asserts that taxation will have a "chilling effect" upon future NJLAD plaintiffs. *Id.* at p. 2. A similar argument was raised and explicitly rejected in *Reger v. The Nemours Foundation, Inc.*, 599 F.3d at 289. The Third Circuit has explained that

> The fact that a prevailing party prosecutes its rights under the Federal Rules of Civil Procedure to an award of costs cannot be seen as chilling the flow of litigation. Indeed, the very possibility that a losing party will be required to reimburse the prevailing party for its costs should cause parties to litigation to pause and calculate the risks of pursuing meritless or marginal claims. . . . It is incumbent on an attorney to explain the risks of litigation to his or her client – including the risk that under Rule 54(d)(1) they may have to pay costs should their litigation ultimately prove unsuccessful.

*Id.*

The Court finds no basis to deviate from this guidance. Moreover, the case Plaintiff relies upon in urging the Court to conclude otherwise, *Michael v. Robert Wood Johnson University Hospital*, 398 N.J. Super. 159, 166 (App. Div. 2008), does not stand for the proposition that an award of costs to a prevailing defendant in an NJLAD action will have a "chilling effect on civil rights plaintiffs." Pl.'s Br. in Opp'n, D.E. 64, at p. 2. To the contrary, the *Michael* court considered an award of reasonable attorneys' fees to an NJLAD defendant, not taxation of costs, and found such an award was permissible so long as the trial court made a "requisite finding that plaintiff proceeded in bad faith." *Id.* at 167-68. The Court therefore finds Plaintiff's concern unpersuasive.

Plaintiff's second argument, that the Court should exercise its discretion and deny costs because of the significant financial disparity between the parties, is similarly unavailing. *Id.* at

pp. 2-3.  It is well-established that "disparity between the parties' financial resources" is not a basis to deny or reduce an award of costs to a prevailing party under Rule 54(d).  *Smith v. Se. Pa. Transp. Auth.*, 47 F.3d 97, 99 (3d Cir. 1995) ("reject[ing] the general proposition that it is 'inequitable' to tax costs in favor of [a] prevailing party with substantially greater wealth than the losing party"); *accord Reger*, 599 F.3d at 289; *In re Paoli*, 221 F.3d at 468 (holding "a district court may not consider . . . the relative disparities in wealth between the parties" when reviewing a costs award).  Thus, the Court cannot deny Defendant's motion simply because Defendant has "considerable assets" and "would not be prejudiced by this Court's denial."  *Id.* at p. 3.

The Court also declines Plaintiff's request to stay an award of costs to Defendant.  *Id.*  "A stay is not a matter of right, even if irreparable injury might otherwise result."  *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)).  A stay is "an exercise of judicial discretion . . . dependent upon the circumstances of the particular case."  *Id.* (citations omitted).  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  *Id.* at 433-34.  Four factors guide the court's consideration:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."

*Id.* at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

While Plaintiff has appealed the entry of summary judgment in Defendant's favor, Plaintiff has not made any argument on the relevant factors or provided any case law establishing a stay is appropriate in this matter.  *See id.*  Plaintiff also seemingly overlooks the fact that judges

in this District have approved cost awards entered during the pendency of the losing party's appeal to the Third Circuit. *See, e.g.*, *Druding v. Care Alts.*, Civ. No. 08-2126, 2019 WL 5957403, at *2 (D.N.J. Nov. 13, 2019) (denying motion to stay taxation of costs pending outcome of summary judgment appeal but extending automatic stay of execution on judgment); *see also Kenny v. Denbo*, Civ. No. 16-8578, 2017 WL 4155226, at *1, *3 (D.N.J. Sept. 19, 2017) (affirming cost award, despite losing party's "pending notice of appeal in the Third Circuit"). In sum, the Court finds no basis to grant Plaintiff's request for a stay and concludes an award of costs is appropriate.

B. <u>Defendant's Bill of Costs</u>

The Court next considers whether Defendant's itemized costs are eligible for taxation. *See* Def.'s Bill of Costs, Oct. 22, 2021, D.E. 63-2. The following items are taxable as costs under § 1920:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under [28 U.S.C. §] 1923;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. §] 1828 of this title.

Defendant requests reimbursement in the amount of $5,491.61, which Defendant has itemized as follows:

- $150.00 for the cost of the pro hac vice admission of Abby E. Chermely, Esq., Def.'s Itemization of Bill of Costs, Oct. 22, 2021, D.E. 63-3, at p. 1;

- $147.81, for the service of a subpoena upon FedEx Ground, *id.*;

6

- $5,173.80 for costs incurred in the taking and transcribing of depositions necessarily obtained for use in this matter, *id.* at p. 2; and

- $20.00 for docket fees, *id.* at p. 3.

The Court first addresses Defendant's request for fees paid to the Clerk of Court for the pro hac vice admission of Ms. Chermely. *Id.* at p. 1. "Section 1920(1) allows the taxation of the '[f]ees of the clerk' but does not explicitly include pro hac vice fees as costs." *Warner Chilcott Lab'ys Ir. Ltd. v. Impax Lab'ys, Inc.*, Civ. Nos. 08-6304, 09-2073, 09-1233, 2013 WL 1716468, at * 2 (D.N.J. Apr. 18, 2013). While the Third Circuit has not yet addressed whether these fees are taxable costs, the District of New Jersey Clerk of Court has determined losing parties "should not be required to pay these fees simply because [the prevailing party] chose to be represented by counsel who are not admitted to practice in this district." *Id.* at *3; *accord Hyland v. Am. Gen. Life Cos.*, Civ. No. 06-6155, 2010 WL 11566242, at *2 (D.N.J. Feb. 9, 2010); *see also O'Boyle*, 2008 WL 11381922, at *1. Accordingly, the Court will not permit the amount of $150 as a taxable cost.

Defendant asks for taxation of $147.81 for the cost of serving a subpoena upon FedEx Ground. *Id.* at p. 1. A review of the supporting documents submitted by Defendant shows this fee was paid to Passant and Passant Ltd., a private investigation company. Exhibit B to Itemization of Costs, Feb. 4, 2020, D.E. 63-5, at p. 2. As already noted, § 1920(1) authorizes taxation of the costs of the "clerk and marshal." "However, this Court has held that the fees of private process servers are taxable under [a] combined reading of § 1920 and [28 U.S.C.] § 1921, which allows the court to tax as costs the fees for serving a subpoena on a witness." *N.J. Mfrs. Ins. Grp. v. Electrolux*, Civ. No. 10-1597, 2013 WL 5817161, at *5 (D.N.J. Oct. 21, 2013); *see also Ricoh Corp. v. Pitney Bowes Inc.*, Civ. No. 02-5639, 2007 WL 1852553, at *3 (D.N.J. June

26, 2007) (finding process server fees were "'actually and necessarily' incurred and should be reimbursed"). Because Defendant has submitted an invoice substantiating this cost and Plaintiff has voiced no opposition to its validity, the Court taxes this $147.81 cost, as allowed by § 1920(1).

Defendant requests taxation of $5,173.80, the combined cost of fees incurred in taking and transcribing the depositions of Plaintiff and five other witnesses, less amounts charged by vendors for the preparation and inclusion of exhibits, handling fees, and shipping costs.[2] Def.'s Itemization of Costs, D.E. 63-3, at p. 2; *see also* Exhibit C to Def.'s Itemization of Costs, Oct. 22, 2021, D.E. 63-6. Fees for recorded transcripts are taxable under § 1920(2) if the transcripts were "necessarily obtained for use in the case."[3] *See Electrolux*, 2013 WL 5817161, at *5; *Hyland*, 2010 WL 11566242, at *2. "Additionally, 28 U.S.C. § 1920 has been interpreted to allow costs for depositions in connection with a successful motion for summary judgment." *Hyland*, 2010 WL 11566242, at *2 (first citing *In re Baby Food Antitrust Litig.*, 166 F.3d 112, 139 (3d Cir. 1999); and then citing *Tilton v. Cap. Cities/ABC, Inc.*, 115 F.3d 1471, 1474 (10th Cir. 1997)). A review of the record establishes Defendant relied upon the transcripts in successfully moving for summary judgment. *See* Exs. A through F to Decl. of Allison L. Goico, Feb. 9, 2021, D.E.s 53-1 to 53-6. The Court therefore finds that the transcripts were necessary

---

[2] "[T]he costs of postage and messenger services are not taxable." *Warner Chilcott*, 2013 WL 1716468, at *14.

[3] Local Civil Rule 54.1(g)(7) is narrower than § 1920 and limits the taxation of the costs of depositions to those "used at the trial." However, in *In re Baby Food Antitrust Litigation*, the Third Circuit held that a local court rule must yield to a federal rule where the two conflict, and interpreted "necessarily obtained for use in the case" as allowing for the taxation of the cost of "depositions used in deciding summary judgment motions." 166 F.3d at 138.

for Defendant's use in the case and approves the taxation of deposition costs in the amount of $5,173.80.

The final cost requested by Defendant is the docket fee provided for in 28 U.S.C. § 1923 and allowed pursuant to § 1920(5). Def.'s Itemization of Costs, D.E. 63-3, at p. 3. Section 1923(a) sets a $20 docket fee "on trial or final hearing (including a default judgment whether entered by the court or by the clerk)" in civil actions, and a $5 fee "on discontinuance of a civil action" or a "motion for judgment." Because this action was decided on a motion for summary judgment, not on a trial or final hearing, the Court will permit only a $5.00 docket fee for the motion for summary judgment as a taxable cost. See *O'Boyle*, 2008 WL 11381922, at *1-2 (allowing $5 docket fee, rather than $20 fee where defendants prevailed on motion for summary judgment); c.f. *Electrolux*, 2013 WL 5817161, at *1, *13 (taxing $20.00 for docket fee following six-day jury trial and verdict for defendant).

In sum, the Court finds it appropriate to tax Plaintiff costs in the amount of (1) $147.81 for the service of a subpoena upon FedEx Ground; (2) $5,173.80 for the cost of multiple deposition transcripts; and (3) $ 5.00 for docket fees, for a total of $ 5,326.61. The Court will not tax Plaintiff $150.00 for the cost of defense counsel's pro hac vice application.

V.     CONCLUSION

For the reasons set forth above, Defendant's motion to tax costs against Plaintiff is **granted** in the amount of $**5,326.61**.

*Michael A. Hammer*
**Hon. Michael A. Hammer,
United States Magistrate Judge**

**Dated: December 3, 2021**